# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | § JUDGMENT IN A CRIMINAL CASE |
| | § |
| v. | § |
| | § Case Number: **4:20-CR-00376-AGF(1)** |
| **CHRISTEN DIANE SCHULTE** | § USM Number: **50160-044** |
| | § **Brocca L. Morrison** |
| | § Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **One through five of a five-count Information on August 3, 2020.** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 02/04/2020 | 1 |
| 18 U.S.C. § 1343 | Wire Fraud | 02/04/2020 | 2 |
| 18 U.S.C. § 1344 | Bank Fraud | 02/04/2020 | 3 |
| 18 U.S.C. § 1344 | Bank Fraud | 02/04/2020 | 4 |
| 18 U.S.C. §§ 1957(a)(1) and (b)(1) | Money Laundering | 02/04/2020 | 5 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  ☐ is  ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 27, 2021**
Date of Imposition of Judgment

*/s/ Audrey G. Fleissig*
Signature of Judge

**AUDREY G. FLEISSIG**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**May 27, 2021**
Date

DEFENDANT: CHRISTEN DIANE SCHULTE
CASE NUMBER: 4:20-CR-00376-AGF(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**80 month(s). This term consists of a term of 80 months on each of Counts 1 through 5, all such terms to be served concurrently.**

☒ The court makes the following recommendations to the Bureau of Prisons:
   While in the custody of the Bureau of Prisons, it is recommended the defendant be evaluated for participation in the Residential Drug Abuse Program and mental health treatment. It is also recommended that the defendant participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies. It is further recommended that the defendant be placed as close as possible to the St. Louis, MO area. Such recommendations are made to the extent they are consistent with the Bureau of Prisons policies.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at ☐ a.m. ☐ p.m. on

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on
   ☒ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

**MARSHALS RETURN MADE ON SEPARATE PAGE**

DEFENDANT: CHRISTEN DIANE SCHULTE
CASE NUMBER: 4:20-CR-00376-AGF(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **five (5) years.**
**This term consists of a term of three years on each of Counts 1, 2, and 5, and five years on each of Counts 3 and 4, all such terms to run concurrently.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: CHRISTEN DIANE SCHULTE
CASE NUMBER: 4:20-CR-00376-AGF(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT:        CHRISTEN DIANE SCHULTE
CASE NUMBER:      4:20-CR-00376-AGF(1)

# SPECIAL CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must not use or possess alcohol.

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to manage financial accounts or property of others, without the prior approval of the probation officer.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Court-ordered financial obligation. You must immediately notify the probation office of the receipt of any indicated monies.

You must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.

DEFENDANT: CHRISTEN DIANE SCHULTE
CASE NUMBER: 4:20-CR-00376-AGF(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $500.00 | $517,140.46 | $.00 | | |

☒ The determination of restitution is deferred until JUNE 18, 2021 for government to file their statement and until JUNE 25, 2021 for defendant to respond. On June 25, 2021 the Court will take the matter under submission and an *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum

payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $350, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

DEFENDANT: CHRISTEN DIANE SCHULTE
CASE NUMBER: 4:20-CR-00376-AGF(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $ 500 for special assessment and $517,140.46 for restitution due immediately, balance due

☐ not later than _____, or

☒ in accordance ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $500.00 for Counts 1, 2, 3, 4 and 5 , and $517,140.46 for restitution which shall be due immediately. Said special assessment and restitution shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on her restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Under 21 U.S.C. § 853, the defendant has forfeited all right, title, and interest in the property previously identified in the Preliminary Order of Forfeiture granted on May 26, 2021.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: CHRISTEN DIANE SCHULTE
CASE NUMBER: 4:20-CR-00376-AGF(1)
USM Number: **50160-044**

# UNITED STATES MARSHAL
# RETURN OF JUDGMENT IN A CRIMINAL CASE

**I have executed this judgment as follows:**

Date defendant was delivered with certified copy of this judgment:_____

Name and location of facility:_____

☐ Defendant was sentenced to Time Served and was released on:_____

☐ Defendant was sentenced to _____ months/years of Probation and was released on:_____

☐ Defendant was sentenced to _____ months/years of Supervised Release and was released on:_____

_____
NAME OF US MARSHAL/WARDEN

_____
By: NAME OF DEPUTY US MARSHAL/CSO